**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
MIAMI DIVISION
Case No.:

JASON TIPPIE,

      Plaintiff,

v.

UNUM LIFE INSURANCE COMPANY
OF AMERICA,

      Defendant.

_____/

**COMPLAINT FOR DISABILITY BENEFITS**
**AND WAIVER OF LIFE INSURANCE PREMIUMS**

Plaintiff, Jason Tippie, files his Complaint against Defendant, Unum Life Insurance Company of America, and says:

**I. JURISDICTION AND VENUE**

1.     Plaintiff's claims are filed pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. Jurisdiction exists pursuant to 29 U.S.C. § 1132(f) and venue is proper pursuant to 29 U.S.C. § 1132(e).

**II. PARTIES**

2.     Plaintiff, Jason Tippie ("Mr. Tippie"), is a citizen of the United States and was at all relevant times a participant of the long-term disability ("LTD") and life insurance policies at issue. Defendant, Unum Life Insurance Company of America ("Defendant"), is the insurer and claims administrator of the LTD and Life Insurance Policies at issue, is a foreign corporation authorized to do business in Florida, and can be found in the Southern District of Florida.

### III.   FACTS

3.      At all times material to this action there was in full force and effect a group disability insurance policy for long-term disability benefits ("long-term disability policy") and life insurance benefits (the "life insurance policies") constituting binding contracts of insurance between the parties. These policies were underwritten and administered by Defendant.

4.      At all times material, Defendant operated under an inherent structural conflict of interest because of the Defendant's dual role as administrator of claims while serving as the insurance company paying benefits out of its own assets.

5.      Mr. Tippie was employed with Rivian Automotive, LLC as a Senior Powertrain Development Engineer. By virtue of his employment, Mr. Tippie was an eligible participant of the LTD and Life Insurance policies at all times material to this action.

6.      The purpose of the LTD Policy was to provide Mr. Tippie with monthly benefits in the event he became disabled ("long-term disability benefits"). The life insurance policies included a waiver of premium provision that allowed for continued employee life insurance without payment of premium while he was disabled ("waiver of life insurance premium benefits").

7.      The LTD Policy defines Disability in pertinent part, as follows:

*"You are disabled when Unum determines that:*

- *you are **limited** from performing the **material and substantial duties** of your **regular occupation** due to your **sickness** or **injury**; and*
- *you have a 20% or more loss in your **indexed monthly earnings** due to the same sickness or injury.*

*After 24 months of payments, you are disabled when Unum determines that due to the same sickness or injury, you are unable to perform the duties of any **gainful occupation** for which you are reasonably fitted by education, training or experience.*

*You must be under the regular care of a physician in order to be considered disabled."*

8.      Mr. Tippie has been diagnosed with a myriad of medical conditions, including but not limited to, Myalgic Encephalomyelitis/Chronic Fatigue Syndrome ("CFS"), migraines, asthma, tinnitus, IBS, GERD and osteoarthritis. His symptoms include chronic pain, myofascial pain, spasms, fatigue, weakness, paresthesia, shortness of breath, lightheadedness, nausea, and poor sleep.

9.      Mr. Tippie is unable to perform the duties of his own occupation, or any gainful occupation, and is disabled under the terms of the LTD and Life Insurance Policies.

10.      Mr. Tippie was forced to discontinue work after May 19, 2021, due to his disabling conditions.

11.      In accordance with the procedures set forth by the LTD Policy, Mr. Tippie notified Defendant that he was disabled.

12.      Defendant acknowledged Mr. Tippie's disability under the short-term disability ("STD") policy, accepting liability by paying STD benefits through the maximum STD benefit period.

13.      By letter dated November 10, 2021, Defendant denied Mr. Tippie's claim for long-term disability benefits.

14.      By letter dated, May 11, 2022, Defendant confirmed receipt of Mr. Tippie's LTD and WOLP appeals.

15.      Among the evidence of disability Mr. Tippie submitted with the appeal were independent medical reports from: (1) a functional capacity evaluation ("FCE") performed by Jon Nettie, PT; (2) an independent medical examination ("IME") conducted by Lewis Rosenbaum, M.D.; (3) a medical records review by CFS expert, Susan Levine, M.D.; and (4) a medical records review by headache and migraine specialist, Marc Sharfman, M.D.

16.     The FCE testing determined that Mr. Tippie "demonstrated the ability to perform BELOW the SEDENTARY Physical Demand Category. . . ."

17.     In his IME report, Dr. Rosenbaum concluded that "Mr. Tippie is "unable to perform the duties of his present occupation as a Senior Powertrain Development Engineer or any occupation."

18.     In her report, Dr. Levine concluded that Mr. Tippie "is completely incapable of any type of sustained physical or mental activity . . . [She] recommend that [Mr. Tippie] be granted total medical disability for an indeterminate amount of time."

19.     In his report, Dr. Sharfman concluded that Mr. Tippie "cannot consistently and regularly work on a full-time basis in his job as a senior power train development engineer, or in any job, including a sedentary one on a full-time basis."

20.     By letter dated, June 29, 2022, Defendant denied Mr. Tippie's appeal of the denial of his long-term disability benefits and waiver of life insurance premiums.

21.     As part of its claim review, Defendant did not have Mr. Tippie undergo any testing of its own, nor did it have Mr. Tippie physically examined to determine his physical capabilities.

22.     Mr. Tippie has exhausted his appeals under ERISA.

23.     By denying Mr. Tippie's long-term disability and WOLP benefits, Defendant deemphasized medical evidence favoring disability and instead relied on the views of its own medical consultants who never examined him.

24.     Defendant's denial of Mr. Tippie's LTD benefits and WOLP breached the fiduciary duties owed to Mr. Tippie under ERISA. Defendant further failed to discharge its duty with respect to discretionary claims, failing to process claims solely in the interests of Mr. Tippie as a participant of the LTD and Life Insurance Policies.

## IV. COUNT I: LONG-TERM DISABILITY BENEFITS

Plaintiff incorporates the allegations contained in Paragraphs 1 through 24 as if fully stated herein and says further that:

25.     Plaintiff is entitled to certain benefits of the LTD Policy consisting of past LTD benefits including prejudgment interest, retroactive to the day benefits were denied pursuant to 29 U.S.C. §1132(a)(1)(B).

26.     Plaintiff is entitled to the benefits identified herein because:

    a.   the benefits are permitted benefits under the LTD Policy;

    b.   Plaintiff has satisfied all conditions to be eligible to receive the benefits;

    c.   Plaintiff has not waived or otherwise relinquished his entitlements to the benefits.

27.     Defendant has refused to pay the benefits sought by Mr. Tippie, ignoring the medical records and conclusions by his physicians and independent physicians that he is disabled from work.

## V. COUNT II: WAIVER OF LIFE INSURANCE PREMIUM BENEFITS

Plaintiff incorporates the allegations contained in Paragraphs 1 through 6, 8 through 10, 14 through 24 as if fully stated herein and says further that:

28.     Pursuant to 29 U.S.C. §1132(a)(1)(B) Mr. Tippie is entitled to certain benefits of the life insurance policies consisting of WOLP benefits.

29.     Mr. Tippie is entitled to the WOLP benefits identified herein because:

    a.   the WOLP benefits are permitted benefits under the life insurance policies;

    b.   He has satisfied all conditions to be eligible to receive the WOLP benefits;

    c.   He has not waived or otherwise relinquished his entitlements to the WOLP

benefits.

30.     Defendant has refused to approve WOLP benefits sought by Mr. Tippie, disregarding the medical records and clear opinions of his physicians and independent physicians evidencing disability.

## VI.  RELIEF REQUESTED

Plaintiff incorporates the allegations contained in Paragraph 1 through 30 as if fully stated herein and says further that:

31.     As a result of the acts and/or omissions of Defendant as alleged herein, Defendant owes Plaintiff unpaid long-term disability benefits, plus interest, and to approve WOLP.

32.     To the extent that Defendant violated any provisions of Subchapter I of Title 29, Chapter 18 of the United States Code, Plaintiff is entitled to reasonable attorney's fees and costs of this action pursuant to 29 U.S.C. §1132(g)(1).

33.     Defendant is also liable to place Plaintiff in the position he would have enjoyed under the LTD Policy and life insurance policies had he not been wrongfully denied benefits by Defendant.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Jason Tippie, prays for a judgment against Defendant, Unum Life Insurance Company of America, for the relief as pleaded herein and for such other relief as this Honorable Court deems just and proper.

*Respectfully submitted this 3rd day of August 2022.*

*/s/ Zoe Vayer*
Zoe Vayer (FBN. 1030850)
zoe@longtermdisability.net
Edward Philip Dabdoub (FBN. 45685)
eddie@longtermdisability.net

DABDOUB LAW FIRM, P.A.
1600 Ponce de Leon Blvd., Suite 1202
Coral Gables, Florida 33134
Tel:  (305) 754-2000
Fax: (305) 754-2007
*Counsels for Plaintiff, Jason Tippie*